IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEA SHIPPING LINE, INC. § | |
| § | |
| *Plaintiff*, § | |
| § | C.A. No. 4:22-cv-0550 |
| v. § | |
| § | IN ADMIRALTY, Rule 9(h) |
| MY EQUIPMENT, LLC § | |
| § | |
| *Defendant* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Sea Shipping Line ("SSL"), by its attorneys Royston, Rayzor, Vickery & Williams, L.L.P., files this its Original Complaint against My Equipment, LLC ("My Equipment" or "Defendant") and alleges as follows upon information and belief:

## I.
## INTRODUCTION

1.      This action involves a claim for unpaid demurrage. SSL, as a non-vessel owning common carrier ("NVOCC"), was hired by My Equipment, as shipper, to transport three containers of equipment from Houston, Texas to Antwerp, Belgium.  SSL issued its Bill of Lading Nos. 276635-100 – Houston/Antwerp (PHILADELPHIA EXPRESS Voyage 78E), 274574-100 – Houston/Antwerp, and 274571-100 – Houston/Antwerp (MOL GRATITUDE Voyage 134E) reflecting the contracts of carriage for these three containers.  The containers were seized by U.S. Customs and Border Protection in late December 2020/early January 2021 for violating various statutory provisions. Because of these seizures, SSL, as NVOCC, owed container demurrage to the vessel owning carrier ("VOC") Yang Ming.  SSL paid the demurrage to the VOC Yang Ming, but My Equipment failed to pay/indemnify SSL for these demurrage charges, despite due demand, all in derogation of its contractual obligations.  SSL now seeks indemnification from My

Equipment for these demurrage payments under the relevant Bills of Lading and contracts of carriage.

## II.
## JURISDICTION AND VENUE

2.      This is an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions given rise to the claim occurred in this judicial district.

## III.
## PARTIES

4.      Plaintiff SSL is a corporation organized and existing under the laws of the State of California with an office and its principal place of business located at 520 3rd Street, Suite 207, Oakland, California 94607.  At all relevant times, SSL was acting as an NVOCC, and was the carrier of the cargos shipped under Bill of Lading Nos. 276635-100 – Houston/Antwerp (PHILADELPHIA EXPRESS Voyage 78E), 274574-100 – Houston/Antwerp, and 274571-100 – Houston/Antwerp (MOL GRATITUDE Voyage 134E).

5.      Defendant My Equipment LLC is a limited liability corporation organized and existing under the laws of the State of Texas with an office and its principal place of business located at 1400 Broadfield Blvd, Suite 200, Houston, Texas 77084. My Equipment may be served through its registered agent Umer Yazdani at 5003 South Street, Brookshire, Texas 77423.  At all relevant times, My Equipment LLC was the shipper of the cargos carried under Bill of Lading Nos. 276635-100 – Houston/Antwerp (PHILADELPHIA EXPRESS Voyage 78E), 274574-100 – Houston/Antwerp, and 274571-100 – Houston/Antwerp (MOL GRATITUDE Voyage 134E).

## IV.
## FACTS

6. In November and December 2020, SSL issued Bills of Lading for the carriage of three containers: (1) 276635-100 – Houston/Antwerp (PHILADELPHIA EXPRESS Voyage 78E); (2) 274574-100 – Houston/Antwerp (MOL GRATITUDE Voyage 134E) and (3) 274571-100 – Houston/Antwerp (MOL GRATITUDE Voyage 134E). The Bills of Lading are attached hereto as **Exhibit 1** and are fully incorporated by reference.

7. The cargo under Bill of Lading No. 276635-100, a 1999 Caterpillar Motor Grader, Model 160H, Serial No. 9EJ00721, was seized at the Port of Savannah, Georgia, on January 14, 2021 due to the shipper My Equipment's violations of various statutory provisions prohibiting the exportation of merchandise as not properly validated by U.S. Customs and Border Protection as required and for failure to properly describe or classify the machinery. The February 1, 2021 letter of CBP is attached hereto as **Exhibit 2** and is fully incorporated by reference.

8. Similarly, the cargo under Bill of Lading No. 274574-100, a 1999 Caterpillar Motor Grader, Model 140H, Serial No. 2ZK04409, was seized in Houston, Texas, on December 23, 2020, because of My Equipment's violation of statutory provisions regarding the export of self-propelled vehicles and/or vehicle parts without presenting vehicle documentation required by regulations. The February 7, 2021 Notice of Seizure and Information to Claimants Non-Cafra Form from U.S. Customs and Border Protection is attached hereto as **Exhibit 3** and is fully incorporated by reference.

9. Finally, the cargo carried under Bill of Lading No. 274571-100, a 1975 Caterpillar Motor Grader, Model 12G, Serial No. 61M2264, was seized by U.S. Customs and Border Protection in Houston on December 31, 2020, on the basis of My Equipment's violation of statutory provisions regarding the export of self-propelled vehicles and/or vehicle parts without presenting vehicle and documentation required by regulations. The February 7, 2021 Notice of

Seizure and Information to Claimants Non-Cafra Form from U.S. Customs and Border Protection is attached hereto as **Exhibit 4** and is fully incorporated by reference.

10. Because of these seizures, container demurrage accrued in favor of the VOC Yang Ming. After extensive negotiations, SSL, as NVOCC, managed to negotiate the demurrage charge down to $33,852.00, which SSL paid to the VOC Yang Ming.

11. As reflected above, the container demurrage was incurred because of My Equipment's failure to comply with U.S. Customs' regulations and requirements. Under the relevant terms of the Bills of Lading, My Equipment is liable for payment of the demurrage or, failing which, My Equipment is obligated to indemnify SSL in respect of outlays, charges, losses or damages, or detention levied in connection with the shipments. The backside of the SSL Bill of Lading is attached hereto as **Exhibit 5** and is fully incorporated by reference.

## V.
## FIRST CAUSE OF ACTION
## Breach Of Contract Against My Equipment

12. Plaintiff SSL realleges and incorporates herein each and every allegation and averment contained in Paragraphs 1-11 of Plaintiff's Original Complaint with the same force and effect as if the same were more fully set forth herein.

13. Plaintiff SSL and Defendant My Equipment entered into a valid and enforceable written contracts for the shipment of cargo made subject of the instant action (**Exhibit 1**). Under the terms of the Bills of Lading:

> **12.  FREIGHT AND CHARGES, ETC. LIEN**
>
> \*\*\*
>
> B.  The shipper and consignee shall be jointly and severally liable to the carrier for the payment of all freight charges and other amounts due to the carrier and for any failure of either or both to perform his or their obligations under the provisions of this Bill of Lading and they shall indemnify the carrier against and hold it harmless from all liability loss

>   damage and expense which the carrier may sustain or incur arising or resulting from any such failure or performance by the shipper and consignee or either of them.

***

>   E.  The merchant shall in all respects comply with the regulations and requirements of the Port, Customs and other authorities and shall be liable for any payment of – or to indemnify the carrier in respect of outlays for – any dues, taxes, charges, as well as fines, imposts, loss, damage or detention levied in connection with the goods howsoever caused including any action or requirement of any Government or governmental authority or persons purporting to act under authority thereof.

14. Defendant My Equipment breached its obligations under Clause 12E of the Bills of Lading by failing to comply with the regulations and requirements of the Port, Customs and other authorities. Consequently, Defendant My Equipment is "liable for any payment of – or to indemnify the carrier in respect of outlays for – any dues, taxes, charges, as well as fines, imposts, loss, damage or detention levied in connection with the goods howsoever caused including any action or requirement of any Government or governmental authority or persons purporting to act under authority thereof."

15. My Equipment's failure to comply with the regulations and requirements of U.S. Customs resulted in the seizure of the containers and the accrual of the subject demurrage, and despite due demand, My Equipment failed to pay SSL for the accrued demurrage and thereafter failed to indemnify and hold harmless SSL. Consequently, SSL was forced to pay demurrage to the VOC Yang Ming in the amount of THIRTY-THREE THOUSAND EIGHT HUNDRED FIFTY-TWO AND 00/100 DOLLARS ($33,852.00).

16. Under the Bill of Lading contracts, My Equipment was also obligated to pay or indemnify SSL for outlays, charges, losses or damages, or detention levied in connection with

goods howsoever caused, including actions or requirements of any government or governmental authority (Bill of Lading Clause 12.B.).

17. Defendant My Equipment also breached its obligations under Clause 12B of the contracts by failing to pay the requisite container demurrage and failing to indemnify SSL for the demurrage payments to the VOC, despite due demand.

18. Plaintiff SSL fully performed its obligations under the Bills of Lading contracts.

19. As a direct and proximate result of Defendant My Equipment's breaches of contract, Plaintiff SSL suffered injury, which caused SSL to sustain damages in the amount of THIRTY-THREE THOUSAND EIGHT HUNDRED FIFTY-TWO AND 00/100 DOLLARS ($33,852.00), together with interest and costs of this action, as well as attorney's fees in pursuing this action.

## Attorney Fees

20. As a result of Defendant My Equipment's breach, Plaintiff SSL has had to employ Royston, Rayzor, Vickery & Williams LLP to recover the damages owed to it by the Defendant My Equipment.  GUSA seeks reimbursement for its reasonable attorney fees, as authorized Texas Civil Practice & Remedies Code § 38.001.

## CONDITIONS PRECEDENT

21. All conditions precedent have been performed, satisfied and/or discharged.

22. Defendant My Equipment has caused damage to SSL in an amount, as nearly as can now be estimated, up to and exceeding the amount of THIRTY-THREE THOUSAND EIGHT HUNDRED FIFTY-TWO AND 00/100 DOLLARS ($33,852.00), together with interest and costs of this action, as well as attorney's fees in pursuing this action.

# VI.
# PRAYER

23. All and singular, the premises of this Original Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. WHEREFORE, PREMISES CONSIDERED, Plaintiff SSL prays:

a. That due process in the form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, issue against the Defendant, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim, plus interest, costs and attorney's fees;

b. That Plaintiff SSL have judgment entered in its favor against Defendant on the cause of action specified for the amount of SSL's damages, together with interest, costs and disbursements of this action and attorney's fees;

c. That the Court grant such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Kevin P. Walters
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Blake E. Bachtel
Texas State Bar No. 24116055
Federal I.D. No. 3479533
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9545
kevin.walters@roystonlaw.com
blake.bachtel@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF
SEA SHIPPING LINE**