IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEA SHIPPING LINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-0550 |
| MY EQUIPMENT, LLC | § | |
| | § | |
| Defendant | § | |

**DEFENDANT MY EQUIPMENT, LLC'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, My Equipment, LLC ("My Equipment") in the above styled and numbered cause of action, and files this its Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and, in support of same, would respectfully show the following:

**I
SUMMARY OF ARGUMENT**

Defendant, My Equipment, requests this Honorable Court to dismiss Plaintiff's complaint against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff has made no allegations raising any issues of admiralty or maritime law. Pursuant to Fed. R. Civ. P. 12(b)(1), this Honorable Court has no subject matter jurisdiction over the claims at issue, and must dismiss the above-styled cause for same.

**II
BASIS OF CLAIMS AT ISSUE**

Plaintiff has sued My Equipment for an alleged failure to pay on a contract. Plaintiff has alleged no breaches or issues raising any issue of maritime or admiralty law. This is a simple

breach of contract suit. The Court does not have proper subject matter jurisdiction over the claims in question to hear this matter.

## III
## STANDARD

Upon filing of its original petition, Plaintiff bears the burden of establishing that the Court has jurisdiction. *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2007).

Once a defendant files a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Luckett v. Bure*, 290 F.3d 493, 496-97 (2nd Cir. 2002). Plaintiff may not rely upon pleadings, but must, by means of evidence, set forth specific facts demonstrating jurisdiction. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3rd Cir. 2016); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Furthermore, the plaintiff must establish the facts giving rise to subject matter jurisdiction by a preponderance of the evidence. *Davis*, 824 F.3d at 346; *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990).

The question of subject matter jurisdiction is a question of law that must be reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir. 1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990)*; United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## IV
## LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's sole pleading on the subject of jurisdiction are: "This is an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333." Plaintiff's Original Complaint, Docket Entry 1, p. 2.  However, Plaintiff fails to plead why this is so.  This conclusory sentence is the only mention of subject matter jurisdiction in Plaintiff's Complaint.

Plaintiff fails to allege any special admiralty or maritime claims.  See Fed. R. Civ. P., Suppl. R. for Admiralty or Maritime Claims.  Accordingly, the only conceivable basis for admiralty or maritime jurisdiction would be through contractual admiralty jurisdiction. However, the only thing plead by Plaintiff is an alleged failure to pay.  Failure to perform activities that merely bear upon maritime activities are not enough to establish contractual admiralty jurisdiction. *Thames Towboat v. The Schooner Francis MacDonald,* 254 U.S. 242, 41 S.Ct. 65 (1920)(ship construction); *MacDougall's Cape Cod Marine Serv., Inc. v. One Christina 40' Vessel,* 721 F.Supp. 374 (D. Mass 1989), *aff'd*, 900 F.2d 1990 (1st Cir. 1990) (ship purchase).

Furthermore, none of the exhibits to Plaintiff's Original Complaint are proven up by affidavit or testimony, nor do they constitute admissible evidence, as required to establish jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

Plaintiff has failed to establish proper subject matter jurisdiction for its claims.  This is a simple breach of contract lawsuit.  For this reason, this Court should dismiss this lawsuit.

## V
## PRAYER

WHEREFORE, PREMISES CONSIDERED, My Equipment moves this Honorable Court to dismiss all Plaintiff's claims against it for lack of subject matter jurisdiction, and requests all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ *Stacey L. Barnes*
Stacey L. Barnes
SBN: 24006800
sbarnes@kmd.law
Jamison B. Walters
SBN: 24098573
jwalters@kmd.law
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh Drive, Suite 150
Houston, Texas 77007
Tel: 713-936-9620, ext. 123
Fax: 281-206-0481
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 29th day of September, 2022, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se parties, by means of the Court's electronic filing system, in accordance with the Rules of Civil Procedure.

Kevin Walters
Blake Bachtel
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380


   /s/Stacey L. Barnes_____
    Stacey L. Barnes