IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEA SHIPPING LINE, INC. §<br>  *Plaintiff*, §<br>  §<br>v. §<br>  §<br>MY EQUIPMENT, LLC §<br>  *Defendant* § | C.A. No. 4:22-cv-0550<br><br>IN ADMIRALTY, Rule 9(h) |

### PLAINTIFF'S SEA SHIPPING LINE, INC.'S RESPONSE TO MY EQUIPMENT, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, Sea Shipping Line ("SSL"), by its attorneys Royston, Rayzor, Vickery & Williams, L.L.P., files this its Response to My Equipment, LLC's ("My Equipment") FED. R. CIV. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and would respectfully show as follows:

### SUMMARY OF RESPONSE

My Equipment moves to dismiss for lack of subject matter jurisdiction, arguing that "[t]his is a simple breach of contract suit." Doc. 11 at 1-2. My Equipment's argument is a half-truth and ignores decades of binding Supreme Court precedent and centuries of maritime law.

While My Equipment is correct that this is a breach of contract, this case involves the breach of a *maritime* contract—*i.e.,* bills of lading. Bills of lading "are maritime contracts because their primary objective is to accomplish the transportation of goods by sea." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24, 125 (2004); *see also The Gold Hunter*, 10 F. Cas. 554, 555 (S.D.N.Y. 1832) ("[a] bill of lading clearly possesses the characteristics of a maritime contract").

As laid out in SSL's Original Complaint, the bills of lading involve the transport of goods from Houston, Texas, to Antwerp, Belgium onboard the M/V MOL GRATITUDE—implicating the transportation of goods by sea. My Equipment breached the terms of these bills of lading, and now owes unpaid container demurrage to SSL.

Both factors fall in this Court's admiralty and maritime jurisdiction and My Equipment's motion to dismiss should be rejected and denied.

## ARGUMENT

**1.      SSL's complaint and exhibits plead sufficient facts to justify jurisdiction.**

A motion to dismiss for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1) may be based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Material allegations in the complaint must be accepted as true and construed in the light most favorable to SSL. *See Steward v. Aries Freight Sys., L.P.*, 2007 WL 3001660, at *2 (S.D. Tex. Oct. 12, 2007). When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*. Citing only one case from the Fifth Circuit, My Equipment claims Plaintiff has not established sufficient facts to establish jurisdiction. This argument fails.

SSL's Original Complaint opens with "[t]his action involves a claim for unpaid demurrage. SSL, as a non-vessel owning common carrier ("NVOCC"), was hired by My Equipment, as shipper, to transport three containers of equipment from Houston, Texas to Antwerp, Belgium [pursuant to three different bills of lading]." Doc. 1 at 1. Attached as exhibits to SSL's Original Complaint are copies of the bills of lading, granting additional support for its breach of maritime contract claim. Doc. 1-1. These allegations—referencing maritime contracts and the transportation of goods by sea—must be accepted as true and construed in favor of SSL.

My Equipment has not disputed any of the facts alleged by SSL, and SSL's pleadings and exhibits sufficiently describe a claim arising out of a breach of a maritime contract. Thus, jurisdiction is proper.

**2.  The bills of lading are maritime contracts and fall within this Court's admiralty or maritime jurisdiction.**

Federal district courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). "This grant includes jurisdiction over all contracts which relate to the navigation, business, or commerce of the sea." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 632 (2d Cir. 2016) (internal quotation marks and citation omitted). The Supreme Court has found that "[c]onceptually, so long as a bill of lading requires substantial carriage of goods by sea, its purpose is to effectuate maritime commerce—and thus it is a maritime contract." *See Kirby*, 543 U.S. at 27.

The bills of lading here are contracts for the transportation of My Equipment's goods from Houston, Texas to Antwerp Belgium. Doc. 1-1. A vessel is expected to be key to the transport of this cargo and the vessel is even named on the face of the bill of lading. *Id*. Thus, the bills of lading are maritime contracts and subject to the admiralty and maritime jurisdiction of this Court.

**3.  My Equipment breached the maritime contracts and owes container demurrage, also falling under this Court's admiralty or maritime jurisdiction.**

My Equipment could also be understood to argue, in the alternative, that the unpaid container demurrage provision relates not to the carriage of goods by sea but to non-maritime obligations. This argument also fails, as "[i]t is well-settled that demurrage clauses are 'maritime' in nature because they 'remunerat[e] the shipowner for the detention of its vessel beyond the number of days allowed by the charter-party,' and thus have a sufficient connection to maritime commerce." *Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC*, 550 F. Supp. 3d 57, 64 (S.D.N.Y. 2021) (internal citations omitted); *see also Mediterranean Shipping Co. v. Rose*, 2008 WL 4694758, at *3 (S.D.N.Y. Oct. 23, 2008) ("Admiralty jurisdiction has ... been found over actions for the recovery of demurrage or detention charges pursuant to a contract for the carriage of goods by water.").

In other words, not only are the bills of lading maritime contracts, the container demurrage clauses breached by My Equipment are also unquestionably "maritime" in nature and jurisdiction is proper in this Court.

## CONCLUSION

For all these reasons, SSL requests that this Court deny My Equipment's motion to dismiss for lack of subject matter jurisdiction, and grant any other, further, and different relief as the Court deems just and proper.

Respectfully submitted,

  /s/ Kevin P. Walters
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Blake E. Bachtel
Texas State Bar No. 24116055
Federal I.D. No. 3479533
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9545
kevin.walters@roystonlaw.com
blake.bachtel@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF
SEA SHIPPING LINE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2022, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

  /s/ Kevin P. Walters
Kevin P. Walters