IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEA SHIPPING LINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-0550 |
| MY EQUIPMENT, LLC | § | |
| | § | |
| Defendant | § | |

**DEFENDANT MY EQUIPMENT, LLC'S REPLY BRIEF
FOR ITS RULE 12(b)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, My Equipment, LLC ("My Equipment") in the above styled and numbered cause of action, and files this its Reply Brief for its Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and, in support of same, would respectfully show the following:

**I
BURDEN OF PROOF**

The Plaintiff, in its response, simply doggedly ignores the clear burden of proof and pleading requirement pursuant to Fed. R. Civ. P. 12(b)(1), and doubles down on its deficient pleadings.

Once a defendant files a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Luckett v. Bure*, 290 F.3d 493, 496-97 (2nd Cir. 2002). Plaintiff may not rely upon pleadings, but must, by means of evidence, set forth specific facts demonstrating jurisdiction. *Davis v. Wells*

*Fargo*, 824 F.3d 333, 346 (3rd Cir. 2016); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Furthermore, the plaintiff must establish the facts giving rise to subject matter jurisdiction by a preponderance of the evidence. *Davis*, 824 F.3d at 346; *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990).

Plaintiff ignores its requirements to establish subject matter jurisdiction by a preponderance of the evidence, relying once again on its unverified pleadings and exhibits to its Complaint, something that is specifically disallowed by interpretive case law. *Davis*, 824 F.3d at 346; *Foster-Miller*, 46 F.3d at 145; *Theunissen*, 935 F.2d at 1458, *Irwin*, 874 F.2d at 1096. Plaintiff has utterly failed to establish its burden of proof.

## II
## LACK OF ANY ADMISSIBLE EVIDENCE

Plaintiff has filed an unverified complaint. While it has attached exhibits to the complaint, they lack verification or an affidavit proving them up as evidence. *See* Docket Entry 1. Plaintiff has the burden of proof to establish subject matter jurisdiction, yet has submitted exactly zero evidence.

In order to resolve factual disputes regarding subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a plaintiff should attach affidavits or other evidence. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Documentary evidence should be proved up by an affidavit or declaration authenticating such evidence, sworn by a person with knowledge of the document. *Las Vegas Sands v. Nehme*, 632 F.3d 526, 532-33 (9th Cir. 2011); *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007); *Zoslaw v. MCA Distrib.*, 693 F.2d 870, 883 (9th Cir. 1982).

Plaintiff has failed to submit any evidence or establish any fact in support of its naked assertion of subject matter jurisdiction. Plaintiff has simply failed to meet its burden. The Court should dismiss the lawsuit.

WHEREFORE, PREMISES CONSIDERED, My Equipment moves this Honorable Court to dismiss all Plaintiff's claims against it for lack of subject matter jurisdiction, and requests all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ *Stacey L. Barnes*_____
Stacey L. Barnes
SBN: 24006800
sbarnes@kmd.law
Jamison B. Walters
SBN: 24098573
jwalters@kmd.law
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh Drive, Suite 150
Houston, Texas 77007
Tel: 713-936-9620, ext. 123
Fax: 281-206-0481
***Attorney for Defendant***

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 6th day of October, 2022, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se parties, by means of the Court's electronic filing system, in accordance with the Rules of Civil Procedure.

Kevin Walters
Blake Bachtel
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380


      */s/Stacey L. Barnes*_____
        Stacey L. Barnes