IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEA SHIPPING LINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-550 |
| | § | |
| MY EQUIPMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Sea Shipping Line is a non-vessel-owning common carrier that paid demurrage charges to nonparty Yang Ming, a vessel-owning carrier, for three shipping containers seized by U.S. Customs and Border Protection before exportation. (Docket Entry No. 1 ¶ 1). Sea Shipping Line alleges that My Equipment, the shipper, must indemnify it under the bills of lading for the demurrage charges incurred when My Equipment failed to comply with laws governing the exportation of its shipments. (*Id.* ¶¶ 7–9, 11). Sea Shipping Line invokes the district court's admiralty jurisdiction. (*Id.* ¶ 2). My Equipment has moved to dismiss Sea Shipping Line's complaint as not within the subject-matter jurisdiction of this court. (Docket Entry No. 11). Sea Shipping Line has responded, (Docket Entry No. 13), and My Equipment has replied. (Docket Entry No. 14). The issue is whether admiralty jurisdiction applies. The court finds that it does and denies the motion to dismiss for lack of subject-matter jurisdiction. The reasons are set out below.

**I.      The Legal Standard**

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation

omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104 F.3d at 1261.

II. Analysis

My Equipment argues that Sea Shipping Line's bare invocation of the court's admiralty jurisdiction, without identifying a specific claim in admiralty, is insufficient to establish jurisdiction. (Docket Entry No. 11 at 2). My Equipment argues that a breach-of-contract action for failure to pay is not within the court's admiralty jurisdiction, even if the contract breached "bear[s] upon maritime activities." (*Id.* at 3). My Equipment emphasizes that Sea Shipping Line's complaint is not verified and that the attachments to the complaint lack confirmation of their authenticity in the form of a declaration or affidavit. (Docket Entry No. 14 at 2).

Sea Shipping Line responds that a breach-of-contract action involving a maritime contract, such as a bill of lading, is within the court's subject-matter jurisdiction. (Docket Entry No. 13 at

1). In support of its jurisdictional argument, Sea Shipping Line points to the factual allegations in its complaint and to the bills of lading attached to its complaint. (*Id.* at 2–3 (quoting Docket Entry No. 1 ¶ 1 and citing Docket Entry No. 1-1)).

A threshold issue is whether the court may consider the allegations in, and attachments to, the unverified complaint to resolve My Equipment's motion. My Equipment argues it may not, and states that Sea Shipping Line must offer "evidence . . . proved up by an affidavit or declaration authenticating such evidence" to demonstrate subject-matter jurisdiction in the face of a motion to dismiss under Rule 12(b)(1). (Docket Entry No. 14 at 2.). On a Rule 12(b)(1) motion, the court takes "the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). But, "[i]n examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming*, 281 F.3d at 161.

As Sea Shipping Line observes, (Docket Entry No. 13 at 2), My Equipment does not dispute the factual allegations of the complaint bearing on the court's subject-matter jurisdiction. My Equipment agrees that the parties' dispute arises from the bills of lading. My Equipment does not dispute that the bills of lading provided by Sea Shipping Line are authentic. In *Irwin*, the only Fifth Circuit case that My Equipment cites in support of its argument, the defendant submitted documents as part of a Rule 12(b)(1) motion, to show that the plaintiff had not administratively exhausted his claims as required to invoke the district court's subject-matter jurisdiction. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd*, 498 U.S. 89 (1990). The documents created a factual dispute that the court needed to resolve to determine its jurisdiction. Here, by contrast, My Equipment does not identify any documents or complaint allegations casting doubt on Sea Shipping Line's jurisdictional allegations or on the bills of lading themselves. My

Equipment does not contest the authenticity of the bills of lading or their role in the parties' dispute. There is no need for Sea Shipping Line to have the complaint verified or to include an affidavit or declaration attesting to the authenticity of exhibits when authenticity is not in dispute and there is not factual dispute that the court must resolve to determine subject-matter jurisdiction. *See Garcia*, 104 F.3d at 1261.

My Equipment is correct that Sea Shipping Line has the burden to establish federal subject-matter jurisdiction. *Griener*, 900 F.3d at 703; *Ramming*, 281 F.3d at 161. The issue is whether Sea Shipping Line's complaint and attachments meet that burden.

The bills of lading attached to the complaint, (Docket Entry No. 1-1), identify My Equipment as the "Shipper/Exporter." Each bill of lading identifies a Dutch entity as "Consignee," and each instructs the bill of lading holder to apply to a Belgian entity for delivery. The bills of lading identify Houston, Texas, as the "Port of Loading" and Antwerp, Belgium, as the "Port of Discharge." Each bill of lading identifies a particular vessel. None of the bills refer to overland transportation from the places of origin to the port of loading in Houston, or from Antwerp to further destinations.

The court's admiralty jurisdiction "embraces all maritime contracts." *The Eclipse*, 135 U.S. 599, 608 (1890).

> Two exceptions to this general rule [stated in *The Eclipse*] have developed. First, if the character of a contract is primarily maritime and the non-maritime aspects are merely incidental, admiralty jurisdiction may still be invoked. Second, if a contract is "mixed"—having maritime and non-maritime aspects—maritime jurisdiction exists if the court can enforce the maritime obligations separately without prejudice to the rest.

*Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 290 (5th Cir. 1989) (citations omitted). "To determine whether a contract is maritime, we look to whether the 'nature of the

4

transaction was maritime' and 'whether the services performed under the contract are maritime in nature.' *Gulf Coast Shell & Aggregate LP v. Newlin*, 623 F.3d 235, 240 (5th Cir. 2010) (quoting *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 611–12 (1991)).

In *Kirby*, the Supreme Court considered whether bills of lading were "maritime contracts" subject to the admiralty jurisdiction of the district courts. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14 (2004). That case involved two bills of lading "for the transportation of goods from Australia to Alabama." *Id.* at 18. Hamburg Süd, the company hired to transport the cargo, arranged for the goods to be shipped from Australia to Georgia, and then sent by rail to Alabama. *Id.* at 21. The Court noted that "[o]ur cases do not draw clean lines between maritime and nonmaritime contracts." *Id.* at 23. It concluded that the bills of lading at issue "[were] maritime contracts because their primary objective [was] to accomplish the transportation of goods by sea from Australia to the eastern coast of the United States." *Id.* at 24. The "principal objective" of the bills of lading was "maritime commerce," which "has evolved along with the nature of transportation and is often inseparable from some land-based obligations." *Id.* at 25. "Conceptually, so long as a bill of lading requires substantial carriage of goods by sea, its purpose is to effectuate maritime commerce—and thus it is a maritime contract." *Id.* at 27.

The bills of lading here are maritime contracts. They provide for the shipment of goods from Houston to Belgium. The bills of lading do not include specific arrangements for overland transportation. They clearly call for "substantial carriage of goods by sea" and aim "to effectuate maritime commerce." *Id.* Sea Shipping Line's claim that My Equipment breached these contracts falls within the court's admiralty jurisdiction.

**III.     Conclusion**

The court denies the motion to dismiss.  (Docket Entry No. 11).

SIGNED on October 24, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge