IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEA SHIPPING LINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-0550 |
| MY EQUIPMENT, LLC | § | |
| | § | |
| Defendant | § | |

## DEFENDANT, MY EQUIPMENT, LLC'S ORIGINAL ANSWER AND COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, My Equipment, LLC ("My Equipment") in the above styled and numbered cause of action, and files this its Original Answer and Counterclaims, and, in support of same, would respectfully show the following:

## I
## ANSWER

1. Paragraph 1 of the Complaint consists of Plaintiff's characterizations of the nature of the action, and thus need not be admitted nor denied. The allegations contained in paragraph 1 of the Complaint are admitted, insofar and insofar only as to the fact that My Equipment's shipments were seized by U.S. Customs and Border Protection. The remainder of the factual allegations in paragraph 1 are denied.

2. The allegations contained in paragraph 2 of the Complaint are denied.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

1

4. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's particulars and headquarters, and thus deny same. The remainder of the allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraph 6 of the Complaint are admitted.

7. The allegations contained in paragraph 7 of the Complaint are admitted, insofar and insofar only as to the fact that My Equipment's shipments were seized by U.S. Customs and Border Protection. The remainder of the allegations in paragraph 7 are denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted, insofar and insofar only as to the fact that My Equipment's shipments were seized by U.S. Customs and Border Protection. The remainder of the allegations in paragraph 8 are denied.

9. The allegations contained in paragraph 9 of the Complaint are admitted, insofar and insofar only as to the fact that My Equipment's shipments were seized by U.S. Customs and Border Protection. The remainder of the allegations in paragraph 9 are denied.

10. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and thus deny same.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. The foregoing responses to paragraphs 1-11 of the Complaint are incorporated by reference herein as if set forth verbatim.

13. The allegations contained in paragraph 13 of the Complaint are admitted.

14. The allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. The allegations contained in paragraph 18 of the Complaint are denied.

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

## II
## AFFIRMATIVE DEFENSES

23. Counter-Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 1 through 22 above. My Equipment asserts the following affirmative defenses. My Equipment reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this lawsuit.

24. SSL has failed to state a claim upon which relief can be granted.

25. Each of the purported claims set forth in the Original Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

26. SSL's claims are barred by the doctrine of unclean hands.

27. SSL failed to mitigate its damages by refusing to accept any responsibility for its unlawful actions when it could have immediately contacted CBP and explained its part in the incorrect labeling of the equipment.

## III
## COUNTERCLAIMS

28. Defendant My Equipment, LLC ("My Equipment" or "Counter-Plaintiff"), assets its counterclaims against Sea Shipping Line, Inc. ("SSL"), and avers as follows:

A.  **JURISDICTION AND VENUE**

29. This Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13 because these Counterclaims arise out of the same transactions and occurrences that are the subject matter of the Complaint.

30. Venue is proper in this district in that Counter-Plaintiff is resident and has its principal place of business in this district. The complained of transactions and occurrences took place in this district.

31. At all times herein mentioned, My Equipment, LLC was and is a Texas company duly existing under and by virtue of the laws of the State of Texas, with its principal place of business in Texas.

32. Under information and belief, Plaintiff and Counter-Defendant, SSL, is incorporated in California, and maintains its principal place of business at 520 3rd Street, Suite 207, Oakland, California 94607. Counter-Defendant has already appeared in this action.

B.  **FACTS**

33. As stated by Plaintiff's Original Complaint, this action involves agreements between My Equipment and SSL, via several bills of lading, where My Equipment hired SSL, as shipper, to transport containers of equipment from Houston, Texas to Antwerp, Belgium. The containers were seized by U.S. Customs and Border Protection ("CBP") in late December 2020/early January 2021 due to statutory violations that SSL claims are the fault of My Equipment.

34. My Equipment exported three (3) separate shipments of a nonroad vehicle (e.g., road graders) in a partially disassembled condition, so each vehicle could fit into a shipping container.

35. The documents My Equipment provided to SSL, as freight forwarders, properly described them as nonroad vehicles. My Equipment provided to SSL the documents

demonstrating title to the vehicles in question. SSL was required to provide these documents to CBP, and was well-aware of the requirement to so. SSL was also contractually required to comply with these CBP requirements. However, SSL failed to provide CBP the title documents in question, directly leading to the seizures of the vehicles in question.

36. Vehicle exports must comply with a seventy-two hour (72-hour) "title/ownership verification" wait period that is not triggered by "non-vehicle" declarations. 19 C.F.R. 192. Customs and Border Protection ("CBP") became aware of the noncompliance and seized the three containers containing the disassembled vehicles.

37. My Equipment was investigated by CBP and defendant against the charges at significant time and expense. My Equipment was able to reach a non-liability settlement with CBP to drop the seizure cases and the vehicles/containers were ultimately released after four months for some of the equipment, and the remaining equipment after nine months.

38. Under information and belief, My Equipment understands that CBP canceled the seizure cases because it determined that the SSL, not My Equipment, was responsible for the noncompliance and/or negligence.

39. Due to the seizures, My Equipment incurred legal fees and substantial additional costs (e.g, extra days of demurrage, "rent," for the containers, attorney's fees, storage fees for inspection, and other incidental charges), including costs billed by the shipping line that owned the containers. The shipping line is looking to get paid for its costs and these costs should properly be paid by SSL for its breach of contract and negligence.

40. In addition to expenses related to SSL's unlawful actions, My Equipment lost significant business operations with its existing clients, and in turn lost significant income and profits.

41. My Equipment made multiple attempts to explain the situation and violations to SSL, but SSL refused to listen and instead foisted blame, falsely, against My Equipment.

**C. CAUSES OF ACTION**

**1. Breach of Contract**

42. Counter-Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 23-41 above. All conditions precedent have been performed or have occurred as required.

43. Counter-Plaintiff has fulfilled its obligation under the contract.

44. Counter-Defendant has not fulfilled its obligations under the contract, namely, Counter-Defendant's actions materially altered the description of the equipment, where it was obligated to input accurate data, such that CBP seized and held it for a significant period of time due to the violation, causing Counter-Plaintiff's damages.

45. Counter-Defendant's nonperformance is a breach of the parties' contract.

46. As a direct or proximate result of Counter-Defendant's breach, Counter-Plaintiff suffered the following damages:

    a. The amount that remains due under the terms of the contract;

    b. Reasonable expenses in reliance on Counter-Defendant's performance of the contract;

    c. Loss of net profits;

    d. Expenses related to fulfilling the contract to the third-party beneficiary, including CBP settlement fees, storage fees, wrecker costs, and inspection fees.

### 2. Negligence

47. Counter-Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 23 through 46 above.

48. Counter-Defendant owed a legal duty to Counter-Plaintiff. My Equipment hired SSL specifically for its freight forwarding and over sea shipping expertise. My Equipment provided complete and accurate documentation and information in order for SSL to fulfill its duties.

49. Through the bills of lading, SSL had the legal duty to comply with all Federal export laws. SSL breached this duty by failing to accurately describe the equipment in the EEI.

50. SSL's negligence proximately caused injury to My Equipment such that the negligent actions triggered and investigation by CBP resulting in seizure of the equipment and the damages described in paragraph 41 above.

### 3. Negligence Per Se

51. Counter-Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 23 through 50 above.

52. In addition to the other claims, Counter-Defendant's actions, failures to act, and negligence described above violated 15 C.F.R. § 30 and 19 C.F.R. § 192.

53. Because of SSL's violation of said statutes and regulations, My Equipment suffered the damages described herein. This constitutes negligence *per se*.

### 4. Attorney's Fees

54. As a result of SSL's unlawful actions, Counter-Plaintiffs have been required to obtain legal counsel to bring these Counterclaims, as well as defend against the CBP investigation, and are therefore entitled to reasonable attorneys' fees which may be awarded.

# IV
# JURY DEMAND

55. Counter-Plaintiff demands a trial by jury on all issues.

# V
# PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing by way of its affirmative claims.

Counter-Plaintiffs pray for judgment against Counter-Defendant as follows:

    A.    An award of all damages, including actual damages, lost profits, reliance damages, and damages in mitigation of third party liability;

    B.    An award of costs in this suit;

    C.    That Counter-Plaintiffs recover their attorney's fees and expenses incurred in connection with this action; and

    D.    Such other and further relief, either at law or in equity, as the Court may deem just and proper.

Respectfully submitted,


/s/ *Stacey L. Barnes*_____
Stacey L. Barnes
SBN: 24006800
sbarnes@kmd.law
Jamison B. Walters
SBN: 24098573
jwalters@kmd.law
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh Drive, Suite 150
Houston, Texas 77007
Tel: 713-936-9620, ext. 123
Fax: 281-206-0481
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of November, 2022, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or pro se parties, by means of the Court's electronic filing system, in accordance with the Rules of Civil Procedure.

Kevin Walters
Blake Bachtel
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380


*/s/Stacey L. Barnes*_____
  Stacey L. Barnes