IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEA SHIPPING LINE, INC. | § | |
|    *Plaintiff*, | § | |
| | § | C.A. No. 4:22-cv-0550 |
| v. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| MY EQUIPMENT, LLC | § | |
|    *Defendant* | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.

    **The parties held a conference via exchange of emails and telephone conferences regarding drafts of this Joint Discovery/Case Management Plan on November 10 and 14, 2022. The parties were represented by the following attorneys.**

    **Counsel for Plaintiff – Blake E. Bachtel, Kevin P. Walters**

    **Counsel for Defendants – Stacey L. Barnes, Jamison B. Walters**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None.**

3. <u>Briefly</u> describe what the case is about.

    **Plaintiff's Contentions: Plaintiff contends it is owed $33,852 for unpaid container demurrage.**

    **Defendant's Contentions: Defendant denies Plaintiff's claims and has asserted counterclaims in excess of $290,000.00, due to Plaintiff's failure to properly supply Customs and Border Protection ("CBP") with documents of title for the vehicles in question, as Plaintiff was required to do.**

    **For more specifics, the Parties refer the Court to their respective live pleadings.**

4. Specify the allegation of federal jurisdiction.

      **This court has admiralty jurisdiction as laid out in its Order denying My Equipment, LLC's Motion to Dismiss for lack of subject matter jurisdiction.** *See* **Doc. 15.**

    A.    If jurisdiction is based on diversity of citizenship and any of the parties is an LLC, please state the citizenship of each of the members of the LLC.

      **Not applicable.**

5.    Name the parties who disagree on the issue of jurisdiction and the reasons.

    **None.**

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None.**

7.    List anticipated interventions.

    **None known at this time.**

8.    Describe class-action issues.

    **None.**

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **Initial disclosures will be exchanged following the initial conference with the Court currently scheduled for November 17, 2022.**

10.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

        i.    **Presently, the Parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under FRCP 26(a) or the Local Rules. The parties shall make Initial Disclosures required by FRCP 26(a)(1) as indicated in paragraph 9.**

        ii.    **The parties presently believe that the subjects on which discovery may be needed include liability issues, along with the nature, extent, and cause of Defendant's alleged damages. Also related to Defendant's counterclaims will be Plaintiff's practices and guidelines in providing CBP with documents of title when shipping vehicles.**

   iii. **Disclosure or discovery of documents will be made by hard copy or by electronically stored information transmitted by email attachment, Dropbox or equivalent, USB flash drive or CD ROM.**

   iv. **The Parties agree that production of a privilege log will not be required with the service of discovery responses, but only upon timely request will a privilege log be prepared and served.**

   v. **The Parties presently do not believe any changes should be made in the limitations of discovery imposed under these Rules or by Local Rule, except as otherwise stated herein.**

   vi. **The Parties presently do not believe the Court should enter any Orders pursuant to FRCP 26(c), 16(b) and 16(c), other than a Scheduling Order.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff will serve written discovery on Defendant within 30 days following the Rule 16 Conference.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendant will serve written discovery on Plaintiff within 60 days following the Rule 16 Conference.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking the depositions of persons with relevant facts, including but not limited to, Omer Yazdani and Katina Stokes.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates taking the deposition of Plaintiff's designated corporate representative regarding policies, identify email recipients.**

**Defendant also anticipates taking the deposition of persons with relevant facts, including but not limited to Ana Fregoso, Amber Julian, Steve Carroccia, Sheryl Gepilango, Allysa Balingue, and Yvette Cadungon**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

> (i) **Plaintiff anticipates being able to designate experts and provide reports by March 30, 2023.**
>
> (ii) **Defendant anticipates being able to designate experts and provide reports by Sept. 30, 2023, and believes Plaintiff's proposed date is not practicable, considering the current status of the case.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff may take the depositions of expert witnesses following their designation and prior to the discovery cut-off.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant may take the depositions of expert witnesses following their designation and prior to the discovery cut-off.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties are mostly in agreement regarding the basics of the discovery plan (except with regard to the expert designation dates and total length of discovery period).**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can be reasonably completed.

    **Plaintiff proposes June 30, 2023.**

    **Defendant believes discovery may be completed by Dec. 31, 2023 regarding its Counterclaims.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Plaintiff states that the parties have evaluated the possibility of a prompt resolution of this case, and a resolution is not possible at this time.**

    **Defendant disagrees, and is of the opinion that early mediation would be potentially fruitful in this case.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

> **The parties have been conferring between themselves and with their clients to resolve the matter.**
>
> **Defendant has forwarded documentation to Plaintiff regarding its Counterclaims. Defendant has also inquired about informal negotiation and/or early mediation.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties are open to mediation which can be conducted following the exchange of some initial discovery.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are presently not in agreement at this time on a trial before a Magistrate judge.**

18. State whether a jury demand has been made and if was made on time.

    **Plaintiff contends this is a 9(h) matter and a jury is not available. Defendant contends it has made a timely jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The Plaintiffs estimate they will need 1-2 days to try the case.**

    **Defendant anticipates needing 2 days to try its Counterclaim case, for an overall total estimate of 3-4 days.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiff filed its Certificate of Interested Parties on November 10, 2022. Defendant filed its Certificate of Interested Parties on November 14, 2022.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Kevin P. Walters
Texas State Bar No.: 20818000
Fed. I.D. No.: 5649
Blake E. Bachtel
Texas State Bar No.: 24116055
Fed. I.D. No.: 3479533
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone:    713.224.8380
Facsimile:      713.225.9545
kevin.walters@roystonlaw.com
blake.bachtel@roystonlaw.com

*/s/ Kevin P. Walters*
Counsel for Plaintiff

November 14, 2022
Date

Stacey L. Barnes
Texas State Bar No.: 24006800
Jamison B. Walters
Texas State Bar No.: 24098573
Federal I.D. No.: 3098621
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh, Suite 150
Houston, Texas 77007
Telephone:    713.936.9620
Facsimile:      281.206.0481
sbarnes@kmd.law
jwalters@kmd.law

*/s/ Stacey L. Barnes**
Counsel for Defendants

November 15, 2022
Date

*signed with permission*