IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEA SHIPPING LINE, INC. § | |
|     *Plaintiff*, § | |
| § | C.A. No. 4:22-cv-0550 |
| v. § | |
| § | IN ADMIRALTY, Rule 9(h) |
| MY EQUIPMENT, LLC § | |
|     *Defendant* § | |

**PLAINTIFF SEA SHIPPING LINE, INC.'S**
**ANSWER TO MY EQUIPMENT, LLC'S COUNTERCLAIMS**

Plaintiff, Sea Shipping Line ("SSL"), by its attorneys Royston, Rayzor, Vickery & Williams, L.L.P., files this its Answer to My Equipment, LLC's ("My Equipment") Counterclaims (Doc. 16).

**FIRST DEFENSE**

My Equipment's counterclaims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Subject to and without waiving the foregoing defenses, SSL answers My Equipment's Counterclaims in correspondingly numbered sections and paragraphs as follows:

28. Paragraph 28 is introductory in nature and requires no response.

**A.   Jurisdiction and Venue**

29. SSL admits this Court has jurisdiction over My Equipment's alleged Counterclaims.

30. SSL admits venue is proper in this district.

31. SSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31. SSL denies My Equipment is in compliance with the statutory requirements for agent of service of process.

32. SSL admits the allegations in Paragraph 32.

**B.    Facts**

33. SSL admits this action involves the transportation of containers of equipment from Houston, Texas to Antwerp, Belgium that were seized and subsequently released by U.S. Customs and Border Protection ("CBP") due to the fault of My Equipment as detailed in its Original Complaint. SSL denies it is a "shipper".

34. SSL denies that My Equipment exported the vehicles as they were seized and subsequently released. To the extent that a response is required, SSL admits that the bills of lading indicate the vehicles were "disassembled."

35. SSL denies it is a "freight forwarder" as it is a non-vessel owning common carrier. SSL denies failing to comply with CBP documentation requirements. To the extent that a response is required, SSL denies the remaining allegations in Paragraph 35.

36. SSL admits learning that CBP seized the containers due to various statutory violations including 19 C.F.R. § 192.2, 15 C.F.R. § 30.71, 15 C.F.R. § 30.6, and 15 C.F.R. § 30.10 through a letter from CBP on February 1, 2021 to My Equipment and SSL. To the extent that a response is required, Paragraph 36 also contains a statutory reference which speaks for itself and requires no response.

37. SSL denies "investigating" My Equipment. SSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.

38. SSL denies that "CBP canceled the seizure cases because it determined that [] SSL, not My Equipment, was responsible for the noncompliance and/or negligence.".

39. SSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining regarding My Equipment's alleged "legal fees and substantial additional costs." SSL denies that My Equipment fully paid the costs it incurred with respect to container demurrage. To

the extent that a response is required, SSL denies that "these [container demurrage] costs should properly be paid by SSL for its breach of contract and negligence" and denies that "[SSL] is looking to get paid for its costs."

40. SSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. SSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

**C.   Causes of Action**

    **1.  Breach of Contract**

42. In response to Paragraph 42 of My Equipment's counterclaims, SSL repeats and realleges each and every response contained in this answer as if set forth herein at length. To the extent that a response is required, SSL denies that the conditions precedent have been performed.

43. SSL denies the allegations in Paragraph 43.

44. SSL denies the allegations in Paragraph 44.

45. SSL denies the allegations in Paragraph 45.

46. SSL denies My Equipment is entitled to the damages alleged in Paragraph 46(a)-(d).

    **2.  Negligence**

47. In response to Paragraph 47 of My Equipment's counterclaims, SSL repeats and realleges each and every response contained in this answer as if set forth herein at length.

48. SSL denies the allegations in Paragraph 48.

49. SSL denies the allegations in Paragraph 49.

50. SSL admits an investigation by CBP was triggered and the equipment seized but denies the remaining allegations in Paragraph 50.

### 3. Negligence Per Se

51. In response to Paragraph 51 of My Equipment's counterclaims, SSL repeats and realleges each and every response contained in this answer as if set forth herein at length.

52. SSL denies the allegations in Paragraph 52.

53. SSL denies the allegations in Paragraph 53 and denies My Equipment is entitled to the damages it seeks.

### 4. Attorney's Fees

54. SSL denies My Equipment is entitled to attorney's fees.

### 5. Jury Demand

55. As this is an admiralty and maritime case under Fed. R. Civ. P. 9(h), SSL denies that My Equipment is entitled to a jury trial.

## PRAYER

To the extent that My Equipment's prayer requires a response, SSL denies that My Equipment is entitled to any of the relief sought therein.

## THIRD DEFENSE

For further answer, if such is necessary and without waiving the foregoing, SSL would show that My Equipment's claims are barred because its own acts and omissions caused its alleged losses.

## FOURTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, SSL would show that My Equipment failed to mitigate its damages, if any. SSL also invokes the avoidable consequences doctrine and asserts that My Equipment's unreasonable actions aggravated its alleged damages.

**FIFTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, SSL would show that My Equipment's alleged damages are capped by the package limitation contained in § 14 of the bills of lading.

**SIXTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, SSL would show that My Equipment's claims are barred because it had full knowledge of any alleged breach but did not assert any rights from the alleged breach.

**SEVENTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, My Equipment's claims are barred in whole or in part by the equitable doctrine of unclean hands.

**EIGHTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, My Equipment's alleged damages, if any, are speculative, hypothetical, unsupported by any reasonable methodology, and are not cognizable.

Respectfully submitted,

 /s/ *Blake E. Bachtel*
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Blake E. Bachtel
Texas State Bar No. 24116055
Federal I.D. No. 3479533
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9545
kevin.walters@roystonlaw.com
blake.bachtel@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF
SEA SHIPPING LINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2023, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

 /s/ *Blake E. Bachtel*
Blake E. Bachtel
